Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 6945 | **DATE** | 4/23/2001 |
| **CASE TITLE** | Tzoumis vs. Temple Steel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held.
(6) ■ Pretrial conference held.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the foregoing reasons, Plaintiff's Motions in Limine are GRANTED IN PART AND DENIED IN PART, and Defendant's Motions in Limine are GRANTED IN PART AND DENIED IN PART. This case is referred to Magistrate Judge Scheinker to seek and mediate settlement.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | APR 2 4 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 75 |
| | Mail AO 450 form. | FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 APR 23 PM 3:51 | | |
| TP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SPIRO TZOUMIS, )
)
Plaintiff, )
) No. 96 C 6945
v. )
) HONORABLE JOHN A. NORDBERG
TEMPEL STEEL COMPANY, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff Spiro Tzoumis and Defendant Tempel Steel Company's motions in limine, as presented in the Final Pre-Trial Order.

APR 2 4 2001

### A. Legal Standard

"A federal district court's authority to manage trials includes the power to exclude evidence pursuant to motions in limine." *Falk v. Kimberly Services, Inc.*, No. 92 C 1079, 1997 WL 201568 at *1 (N.D. Ill. April 16, 1997) (*citing Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). "[T]he motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). It eliminates further consideration of materials that should not be presented to the jury because they would be inadmissable for any purpose. *Id.* However, the court should be mindful that some proposed evidentiary submissions cannot be accurately evaluated in a pretrial context via a motion in limine. *Id.* Only evidence that is clearly inadmissable for any purpose should be excluded pursuant to a motion in limine; generally, "evidentiary rulings should be deferred until trial so that questions of foundation,



relevancy and potential prejudice may be resolved in the proper context." *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993).

If a motion in limine is denied, that does not mean all the evidence within the scope of the motion will be admitted at trial. *Hawthorne*, 831 F.Supp. at 1401. The court should entertain objections to proffers as they occur at trial, even for areas that fall in the scope of a denied motion in limine. *Id.*

**B. Plaintiff's Motions in Limine**

1. Exclude reference to Counts I & II of the complaint, which were disposed of via a motion for summary judgment.

This issue is unopposed, and the court grants Plaintiff's motion on issue #1.

2. Exclude evidence regarding any psychological or psychiatric treatment that Tzoumis received prior to his termination. Plaintiff maintains that such information is improperly prejudicial. Defendant maintains such information is critical to assessing Tzoumis' claimed damages for mental and emotional distress.

This court has held that such evidence is relevant to damages. *See Bemben v. Hunt*, No. 93 CV 509, 1995 WL 27223 at * 3 (N.D. Ill. Jan. 23,1995). The degree to which defendant's presentation on this issue may need to be limited to avoid unfair prejudice is best determined at trial. Plaintiff's motion is denied as to issue #2.

3. Exclude evidence of unemployment compensation received by Tzoumis subsequent to his termination. Defendant objects on the grounds that Plaintiff does not deserve a "windfall" under the facts of the case.

The court concurs with the reasoning in *Steck v. Bimba Manufacturing Co.*, No. 96 CV 7442, 1997 WL 685003 at * 2 (N.D. Ill. Oct. 30,1997). The *Steck* court concluded that the "windfall" of unemployment benefits is best conferred on the employee/claimant rather than the employer(as a damages offset). *Id.* (*citing Hunter v. Allis-Chalmers Corp.*, 797 F.2d 1417, 1428 (7th Cir. 1986)). Plaintiff's motion as to issue #3 is granted.

4. Exclude evidence of prior criticism of Plaintiff that is unrelated to absenteeism and evidence of performance evaluations from before Plaintiff was promoted to "Q.T. Technician." The Defendant objects, claiming such evidence may be relevant to matters at issue.

We note at the outset that Plaintiff cited an unpublished decision (*Roney*) in violation of Circuit Rule 53. Moreover, Defendant appears to be correct. While there are significant concerns regarding the relevance of such dated information, *see* this court's order of 11/29/99, we cannot conclude that all such information should be barred. For example, if Plaintiff presents himself as a "model employee" for his entire tenure, Defendant should be able to respond. Objections to specific matters would be best addressed in a specific context at trial. Plaintiff's motion is denied as to issue #4.

5. Exclude evidence that Tzoumis filed worker's compensation claims against Tempel. Defendant objects, arguing such evidence may prove relevant to matters at issue.

At this stage, it is uncertain to what degree such evidence may prove relevant to Tempel's defense. Plaintiff's motion as to issue #5 is denied.

6. Plaintiff asks that exhibits submitted to the jury be properly redacted to comply with the court's rulings on these motions. Plaintiff's motion on issue #6 is granted.

## C. Defendant's Motion in Limine

1. Exclude any alleged acts of harassment that occurred more than 300 days prior to the filing of the discrimination charge. Plaintiff objects, claiming such information is relevant to matters at issue.

This appears to be the flipside of Plaintiff's issue #4. Each side wishes to bring up the other side's past foibles, but not have their own examined. While Defendant is correct that acts committed prior to the charge period may not be redressable through damages, they may be relevant evidence in providing background and context to the parties' interactions. As noted earlier, however, such dated information may be subject to challenge at trial, both as to relevance and possible prejudice. Defendant's motion is denied as to issue #1.

2. Exclude evidence of Art Canning's alleged statement regarding mail handling practices. Plaintiff maintains such evidence is critical to the issue of time of receipt of the EEOC charge.

That a former Tempel officer allegedly held back one letter from date stamping on one occasion approximately two years before the matter at issue is irrelevant. Defendant's motion is granted as to issue #2.

3. Exclude evidence of other lawsuits or other charges of discrimination filed by other Tempel employees. Plaintiff objects, claiming such matters may be relevant to whether news of the Plaintiff's EEOC charge was "leaked" to the Defendant.

The lawsuits and discrimination charges of other employees have no relevance to the issues in this case. Moreover, Plaintiff's half-heartedly presented "leak" theory appears to be pure speculation. Defendant's motion is granted as to issue #3.

4. Exclude evidence that Plaintiff's last two absences should have been covered under the Family and Medical Leave Act("FMLA"). Defendant maintains that Plaintiff never raised such a claim or submitted evidence supporting such a claim, and raising the issue will confuse the jury about the appropriate legal standard to apply in evaluating Defendant's conduct. Plaintiff maintains that the possible illegality of the termination under the FMLA is relevant to the issue of whether the stated basis for the termination was pretext.

The FMLA is not specifically referenced in the absentee policy, but the policy does specifically acknowledge that local, state and federal statutes may govern whether an absence is authorized ( page 1 at ¶4)). Therefore, the Defendant presumably makes efforts to comply with the law, and Plaintiff essentially argues that a failure to do so in a particular case may be relevant evidence of an improper motive. However, it is clear that if Plaintiff wished to pursue the FMLA issue he had ample opportunity to do so before this late date. Moreover, introducing a possible statutory violation that is *not* the basis for Plaintiff's claim does raise the risk of confusing the jury. Defendant's motion is granted as to issue #4.

5. Exclude the Price-Waterhouse study on mail delivery times. Defendant maintains this evidence should not be admitted because: (1) it's irrelevant to the issue of whether the decisionmaker had notice of the charge; (2) it invites the jury to speculate; (3) it would confuse the jury and prejudice Defendant with its unwarranted appearance of certainty; (4) Plaintiff has presented no foundation for its admission; and (5) the witnesses associated with the survey were not properly disclosed as "experts." Plaintiff responds that:(1) survey is relevant to the issue of when the notice was delivered ; (2) the survey is not the opinion of a retained expert; (3) the

survey has an existence separate and apart from the litigation; and (4) the witnesses did not need to be disclosed as experts.

Plaintiff is correct that the survey is potentially relevant evidence as to the date of receipt of the notice. However, Plaintiff's arguments are less persuasive on the other issues. First, that the study has an existence independent of this litigation does not mean it is independently admissible in this litigation. Second, the study, if it has any relevant statistical value, must be the work of experts. At least one court has implied such a study would have to be done by an expert to get beyond mere anecdote regarding delivery time. *See Rivkin v. County of Montgomery*, 153 F.R.D. 572, 575n.10(E.D. Pa. 1994). Moreover, accountants are properly deemed experts. *See generally Tuf Racing Products, Inc., v. American Suzuki Motor Corp.*, 223 F.3d 585 (7th Cir. 2000). Defendant's motion is granted as to issue #5.

6. Exclude any testimony by Plaintiff's treating physicians regarding the elements of Plaintiff's prima facie case under the ADA because they were not properly disclosed as experts. Plaintiff objects on the grounds that treating physicians are treated differently than retained medical experts under FRCP 26.

A treating physician is not automatically an "expert" witness simply because he is a doctor. *Kondziolka v. Burlington Northern Santa Fe Railway Co.*, No. 99 CV 2148, 2000 WL 1368041 at *1. A treating physician that has not been previously disclosed as an expert may still testify regarding his observations made during the course of treatment and on matters in his personal knowledge. *Id.* If such a physician's testimony goes beyond his personal observations, treatment, and diagnosis, however, and slips over into matters normally considered "expert" testimony, it may be barred. *Id.* at *1-2. Therefore, Tzoumis' treating physicians may testify as to the course

6

of his treatment, but may not testify as experts regarding the ADA's standards and whether Tzoumis has met them. However, as even "nonexpert" testimony by a treating physician may touch on matters relevant to Plaintiff's prima facie case, the exact boundaries of the treating physicians' testimony may need to be set with specific objections to specific testimony in the context of trial. Defendant's motion is granted in part and denied in part as to issue #6.

7. Exclude testimony that Tzoumis was denied overtime because of his disability. Plaintiff objects.

Determining the credibility of the witnesses and weighing the evidence are functions for the jury. Defendant's motion is denied as to issue #7.

8. Exclude evidence that Tzoumis was denied training because of his disability. Plaintiff objects.

Determining the credibility of the witnesses and weighing the evidence are functions for the jury. Defendant's motion is denied as to issue #8.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions in Limine are GRANTED IN PART AND DENIED IN PART, and Defendant's Motions in Limine are GRANTED IN PART AND DENIED IN PART.

ENTER:

JOHN A. NORDBERG
Senior United States District Judge

DATED: April 23, 2001

7